UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN M. GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:21-cv-01008-ADA-HBK[1]<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  28) |

Pending before the Court is the Plaintiff's motion for award of attorney's fees filed on November 7, 2022.  (Doc. No. 28).  Plaintiff's attorney, Jonathan O. Peña, requests attorney fees and expenses in the amount of $7,697.04, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id*.).  The Commissioner has not responded to Plaintiff's motion, and the deadline for doing so has passed.  For the reasons set forth more fully below, the undersigned recommends the district court grant Plaintiff's motion for EAJA attorney fees.

On August 5, 2022, this Court granted the parties' stipulated motion to remand the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

proceedings. (Doc. No. 26). Judgment was entered the same day. (Doc. No. 27). Plaintiff now requests an award of fees as the prevailing party. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner has filed no objection to Plaintiff's motion for EAJA fees. (*See* docket).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.

Plaintiff requests an award of $7,697.04 in EAJA fees. (Doc. No. 28). Plaintiff's request is based on 33.25 attorney hours in 2022 at the rate of $231.49 per hour. (Doc. No. 28-1). The Court finds an award of $7,697.04 in attorney's fees and expenses is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **RECOMMENDED:**

1. Plaintiff's motion for EAJA attorney's fees and expenses (Doc. No. 28) be GRANTED.
2. The Commissioner be directed to pay to Plaintiff as the prevailing party EAJA fees in the amount of $7,697.04 in attorney's fees and expenses. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the EAJA fees to Plaintiff's counsel, Jonathan O. Peña, in accordance with Plaintiff's assignment of fees.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   December 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE